UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



STEPHEN B KAUFMAN and LAW OFFICE
OF STEPHEN B. KAUFMAN, P.C.,

                Plaintiffs,

-v.-

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                Defendant.

23 Civ. 09906 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      On November 9, 2023, this case was removed from New York State Supreme Court, Bronx County. ECF No. 1. On November 13, 2023, a Notice of Filing alerting Plaintiffs Stephen B. Kaufman and the Law Office of Stephen B. Kaufman, P.C. (the "Kaufman Firm") to the removal was docketed in the Supreme Court action. *See Kaufman v. Travelers Casualty Ins. Co. of Am.*, Index No. 813168/2023E, NYSCEF No. 4 (N.Y. Sup. Ct., Bronx Cnty. Nov. 13, 2023). That same day, Defendant answered the Complaint. ECF No. 4.

      As of January 3, 2024, Plaintiffs still had not appeared. The Court ordered that, "on or before Wednesday, January 24, 2024, Plaintiffs [should] appear and show cause in writing why this case should not be dismissed for failure to prosecute." ECF No. 6 at 1 (emphasis omitted). Ronald J. Schwartz, whose office represented Plaintiffs in the Supreme Court action, *see Kaufman*, Index No. 813168/2023E, then appeared as counsel of record for Plaintiffs, ECF No. 8. On January 24, 2024, pursuant to the Court's show-cause Order, Mr. Schwartz filed a letter stating that "[t]he plaintiff[s] w[ere] not aware that the case [had been] transferred to this Honorable Court." ECF No. 9.

A.   **The First Scheduled Initial Pretrial Conference**

On January 31, 2024, the Court issued an Order scheduling the initial pretrial conference for February 16, 2024.  ECF No. 10 (Initial Pretrial Conference Order) at 1.  On February 16, 2024, Plaintiffs' counsel, Mr. Schwartz, did not appear.  When the Courtroom Deputy called Mr. Schwartz's office during the conference, with the Court and defense counsel waiting, she was told that Mr. Schwartz was "not in the office."  Shortly thereafter, Mr. Schwartz's office called back to say that Mr. Schwartz "was not feeling well" and requested an adjournment to March 2024.  ECF No. 13 (Feb. 16, 2024 Ltr. from the Law Office of Ronald J. Schwartz, P.C.).  The Court adjourned the conference to March 6, 2024.  ECF No. 12.

B.   **The Rescheduled Initial Pretrial Conference**

On March 6, 2024, the Court attempted to hold the rescheduled initial pretrial conference.  The Initial Pretrial Conference Order directed that "[a]ll pretrial conferences . . . be attended by the attorney who will serve as principal trial counsel."  ECF No. 10 at 1; *see also* Indiv. R. & Pracs. Civ. Cases 3.A ("The attorney who will serve as principal trial counsel must appear at all conferences with the Court.").  In violation of the Order, *see* ECF No. 10 at 1, Mr. Schwartz failed to appear for Plaintiffs.  Instead, an attorney named John Decolator attempted to appear on Plaintiffs' behalf.  *See* Mar. 6, 2024 Conf. Tr at 2:10-11.  When the Court inquired why Mr. Decolator had not entered an appearance, he represented that he was "of counsel to Ronald J. Schwartz."  *Id.*; *see also id.* at 2:14-16 ("Mr. Decolator:  I haven't filed a notice of appearance.  I am just acting of counsel.  The attorney of record is Mr. Schwartz.").  Based on Mr. Decolator's seeming representations that he was "of counsel" at Mr. Schwartz's law firm (the "Schwartz Firm"), the Court permitted him to be heard.  *Id.* at 2:23-24 (also directing Mr. Decolator to enter an appearance "right away").

2

As the Court soon learned, however, Mr. Decolator's representations were misleading. Toward the end of the conference—and only after being pressed by the Court for additional information—Mr. Decolator acknowledged that he was, in fact, an attorney at *Plaintiff Kaufman Firm*, explaining, "I thought I was best suited to handle the conference." *Id.* at 6:13-16 ("THE COURT: Wait a second.  Mr. Decolator, you're with the Kaufman [F]irm?  MR. DECOLATOR: Yes.  THE COURT: Where is the Schwartz [F]irm?  MR. DECOLATOR: They are the attorney of record, but I thought I was best suited to handle the conference.").  In other words, Mr. Decolator was *not* "of counsel" at the Schwartz Firm—contrary to what he had previously (and repeatedly) indicated.  Even then, however, Mr. Decolator doubled down on his earlier representations, repeating, "I am acting as counsel to the Schwartz [F]irm." *Id.* at 7:2-3.

Defendant's counsel objected to Mr. Decolator's appearance, noting that Mr. Decolator had argued that "his office . . . was damaged," that he was therefore "a potential fact witness in this action," and that the Kaufman Firm was "not *pro se* in this case . . . . They have got counsel." *Id.* at 6:4-12.  The Court agreed. *Id.* at 7:11-8:16 (stating that "counsel of record" is "expect[ed] to participate" in scheduled proceedings).  The Court then adjourned the conference. *Id.* at 8:3-16.

The parties are ORDERED to appear at a conference before this Court on **Wednesday, April 10, 2024** at **3:00 p.m.** in Courtroom 12B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

**Mr. Schwartz is notified that failure to appear in person at the April 10 conference may result in dismissal of this case.**

SO ORDERED.

Dated: March 27, 2024
       New York, New York

                                                                           _____
                                                                            JENNIFER H. REARDEN
                                                                            United States District Judge