```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| STEPHEN B KAUFMAN and LAW OFFICE OF STEPHEN B. KAUFMAN, P.C., <br><br> Plaintiffs, <br><br> -v.- <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | 23 Civ. 09906 (JHR) <br><br> OPINION & ORDER |

JENNIFER H. REARDEN, District Judge

Defendant Travelers Casualty Insurance Company of America ("Travelers") moves to dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and for sanctions against Plaintiffs Stephen B. Kaufman and the Law Office of Stephen B. Kaufman or their counsel for "continued failure to comply with the court's rules and failure to prosecute." ECF No. 20 (detailing repeated failures to appear at mandatory conferences). The Court also directed Plaintiffs to show cause why their case should not be dismissed for failure to prosecute and why sanctions should not be imposed against Plaintiffs' counsel. ECF No. 21. For the reasons set forth below, the Court declines to dismiss the action but awards sanctions against Ronald J. Schwartz for his repeated failures to appear, without notice, at the initial pretrial conference, which the Court attempted to convene four times. Accordingly, Travelers' motion is for sanctions is granted, but its motion to dismiss for failure to prosecute is denied without prejudice to renewal.

## I.    BACKGROUND

Plaintiffs filed this case in New York Supreme Court, Bronx County, on August 28, 2023. ECF No. 1-1. On November 9, 2023, after being served with the summons and

Complaint, Defendant removed the action to the Southern District of New York.  ECF No. 1.  Defendant answered the Complaint on November 13, 2023.  ECF No. 4.

As of January 3, 2024, Plaintiffs had not entered an appearance.  Thus, the Court ordered Plaintiffs to "appear and show cause in writing why this case should not be dismissed for failure to prosecute."  ECF No. 6 (Jan. 3 Order) at 1.  The Order warned Plaintiffs that "**[f]ailure to do so will result in dismissal of this action without prejudice.**"  *Id.* (original emphasis).  In response, on January 23, 2024, Ronald J. Schwartz appeared as counsel of record for Plaintiffs.  ECF No. 8.  The next day, he responded in writing to the Order to Show Cause that Plaintiffs had not been "aware that the case [had been] transferred to this Honorable Court. . . ."  ECF No. 9 (also representing that "[t]he delay in filing [the] Appearance of counsel was neither deliberate nor in the control of the undersigned.").  In fact, on November 13, 2023, a Notice of Filing alerting Plaintiffs to the removal of this case had been docketed in the Supreme Court action.  *See* ECF No. 14 (citing *Kaufman v. Travelers Casualty Ins. Co. of Am.*, Index No. 813168/2023E, NYSCEF No. 4 (N.Y. Sup. Ct., Bronx Cnty. Nov. 13, 2023)).

On January 31, 2024, the Court scheduled an initial pretrial conference for February 16, 2024, to take place via Microsoft Teams.  ECF No. 10 at 1 (IPTC Order).  The IPTC Order provided that "[a]ll pretrial conferences must be attended by the attorney who will serve as principal trial counsel" and directed the parties "to file on ECF a joint letter."  *Id.*  On February 8, 2024, the parties filed the requisite joint letter, confirming Mr. Schwartz's knowledge of the date and time of the conference.  ECF No. 11.  Mr. Schwartz nevertheless did not appear for the conference on February 16, 2024.  Upon contacting Mr. Schwartz's office during the conference, while the Court and Defendant's counsel waited, the Courtroom Deputy was told that Mr. Schwartz was not feeling well.  *See also* ECF No. 13.  After the conference, Mr. Schwartz requested in writing that the conference "be adjourned to March 2024 as also requested by the

2

counsel for defendant." *Id.* The Court granted the request and adjourned the conference to March 6, 2024. ECF No. 12.

Mr. Schwartz did not appear at the rescheduled initial pretrial conference on March 6, 2024. March 6, 2024 Minute Entry. Instead, an attorney named John Decolator, who represented that he was "of counsel to Ronald J. Schwartz," sought to appear on Plaintiffs' behalf. *See* ECF No. 15 (Mar. 6, 2024, Conf. Tr. 2:10-11). It soon became apparent, however, that Mr. Decolator was not, in fact, "of counsel" at Mr. Schwartz's firm, but rather was an attorney at Plaintiff the Law Office of Stephen B. Kaufman, P.C. (the "Kaufman Firm"). *Id.* at 7:2-3. Mr. Schwartz's failure to appear violated the IPTC Order, *see* IPTC Order at 1, and the Court's Individual Rules and Practices in Civil Cases, *see* Rule 3.A ("The attorney who will serve as principal trial counsel must appear at all conferences with the Court."). Defense counsel also objected to "a potential witness in this action" appearing as counsel for Plaintiffs, referring to Mr. Decolator's purported personal knowledge of the storm damage that gave rise to this litigation. Mar. 6, 2024, Conf. Tr. at 6:8-10. The Court adjourned the conference a second time. *Id.*

On March 27, 2024, the Court again rescheduled the initial pretrial conference, ordering the parties to appear in person on April 10, 2024. *See* ECF No. 14. The Court cautioned Mr. Schwartz that his "**failure to appear in person at the April 10 conference [could] result in dismissal of this case.**" ECF No. 14 at 3 (emphasis in original). An attorney named James L. Forde filed a notice of appearance on behalf of Plaintiffs on April 9, 2024, claiming that he was "*of counsel* to RONALD J. SCHWARTZ, ESQ." ECF No. 18 (emphasis in original). That same day, the Court *sua sponte* adjourned the conference to April 15, 2024 and again "remind[ed] Mr. Schwartz that **failure to appear at the conference [could] result in dismissal of this case**." ECF No. 19 (emphasis added).

3

At the quadruple-rescheduled conference on April 15, 2024, in violation of the Court's orders, ECF Nos. 14, 19, Mr. Schwartz again failed to appear. *See* ECF No. 25 (April 15, 2024, Conf. Tr.). Mr. Schwartz did not seek to adjourn the conference, request permission not to appear, or inform the Court or his adversary that he would not attend. Instead, Mr. Forde appeared for Plaintiffs and stated that Plaintiff the Kaufman Firm had "represented to [him] that there may be an issue with Mr. Schwartz coming to court . . . [and] asked . . . if [he] could review the file and to file a notice of appearance . . . for the purposes of appearing at th[e April 15] conference." *Id.* at 4:5-10. Mr. Forde also stated that he "d[id not] think that Mr. Schwartz [wa]s going to be . . . handling this [case] going forward." *Id.* at 3:3-6; *see also id.* at 4:14-16 (Mr. Forde noting that he "th[ought] the plan [was] that [he] would be taking it over, because [he] d[id]n't think Mr. Schwartz [was] going to be able to do it."). Because Mr. Schwartz did not appear, counsel for Travelers requested that his "time be reimbursed by counsel for having to show up again today and not being prepared." *Id.* at 6:21-23. The Court directed counsel for Travelers to make his application in writing. *Id.* at 6:24-25.

Travelers then filed the instant application "request[ing] that the Court dismiss the case" and "that it be reimbursed by Plaintiff's counsel for two hours of [counsel's] time (preparation, travel and in court time) at the rate of $290 per hour, with said check sent to [counsel's] attention made payable to 'Travelers Casualty Insurance Company of America.'" ECF No. 20 at 2. The Court also ordered Mr. Schwartz to "show cause why he failed, without explanation, to appear for the March 6 and April 15, 2024 conferences," ECF No. 21 (April 23, 2024 Order) at 3, and "why sanctions should not be imposed for his repeated failures to appear before the Court, including, but not limited to, an Order requiring Plaintiffs and/or Mr. Schwartz to pay Defendant's reasonable attorney's fees and costs incurred in connection with 'preparation, travel and in court time' for the April 15 conference." *Id.* (quoting ECF No. 20 at 2). The April 23,

4

2024 Order also required "Plaintiffs [to] show cause why this case should not be dismissed for failure to prosecute." April 23, 2024 Order at 3 (citing Fed. R. Civ. P. 41).

On April 30, 2024, Mr. Schwartz filed an affirmation in response, ECF No. 22 (Schwartz Aff.), stating, *inter alia*, that "because of [his] age and frail physical condition [he] could not personally be physically present for the March conference." *Id.* at 1. Mr. Schwartz further affirmed that he was "currently 85 years of age" and that he was "involved in a serious motor vehicle accident," which prevented him from appearing at the April 15 conference. *Id.* at 1-2. Finally, Mr. Schwartz asked, "[i]f [his] own physical and personal appearance would be required by the Court," that "the Court permit [him] to withdraw as counsel to permit the plaintiffs to substitute [him] as the attorney of record on the case." *Id.* at 2. Mr. Schwartz's affirmation did not address why Mr. Schwartz was unable to attend the virtual conferences that had been scheduled for February 16 or March 6, or at least to inform the Court prior to any of the conferences that he did not intend to appear. *See id.*

On May 3, 2024, the Court ordered Travelers to "file a letter stating its position with respect to Mr. Schwartz's affirmation." ECF No. 23. Later that day, Travelers wrote that it still wished to "be reimbursed by Mr. Schwartz or his firm or Plaintiffs for two hours of [their] time (preparation, travel and in court time) at the rate of $290 per hour." ECF No. 24 at 3. Travelers' May 3 response also noted that "Mr. Schwartz failed in any respect to address that portion of the Court's April 23, 2024 Order why he, his firm or Plaintiffs should not reimburse Travelers for its costs and expenses associated with [defense counsel's] preparation, travel and time at [the April 15, 2024] conference." *Id.* at 1. In addition, defense counsel reiterated his position that this case should "be dismissed for counsel's continued failure to comply with court orders and . . . to prosecute this matter." *Id.* at 1.

5

## II.     DISCUSSION

A.     **Rule 41 Dismissal**

"Dismissal for failure to prosecute under Rule 41, . . . is considered 'a harsh remedy' that should 'be utilized only in extreme situations.'" *Bell v. Ramirez*, No. 13 Civ. 7916 (PKC), 2021 WL 5280626, at *2 (S.D.N.Y. Nov. 12, 2021) (quoting *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)). In considering a Rule 41(b) dismissal, courts weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors are considered in combination, and "none of the five factors is separately dispositive." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Moreover, although "the reasoning underlying their decisions should be apparent," district courts "need not discuss each factor." *Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016); *see also Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (noting that "a district court is not required to discuss each of the factors on the record").

Here, although "the Court would be well within its authority to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b)," the balance of the factors weighs against dismissal since it would unfairly punish Plaintiffs for the conduct of counsel. *See Dee v. Metro. Transp. Auth.*, No. 08 Civ. 3493 (NRB), 2008 WL 5253090, at *2 (S.D.N.Y. Dec. 12, 2008) (ordering attorney sanctions under Rule 16(f) but declining to dismiss for failure to prosecute). "[B]lame in this matter presumably lies solely with plaintiff[s'] counsel." *See id.* Thus, dismissal "would be an unfair penalty to impose on" their clients. *See id.* Even though the

6

Court agrees that Plaintiffs have not prosecuted this action with the necessary diligence, at this juncture the Court concludes that the circumstances are not "sufficiently extreme" to warrant dismissal. *See LeSane*, 239 F.3d at 209.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). There is no dispute that the aforementioned cascade of failures was "th[at] of . . . Plaintiff." The fact that counsel and not the client was at fault is not relevant at this stage of the analysis, since "apportionment of blame between counsel and client . . . is best considered when we get to the fifth factor—efficacy of lesser sanctions." *Id.* Regarding the duration of the noncompliance, it was relatively short, confined to a few scheduled conferences. *Cf. Antonio v. Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (collecting instances in which courts have found delays of less than one year unreasonable following a failure to appear, but none less than three months). It is true that, "[i]n extreme circumstances, a district court may dismiss a complaint for relatively short delays." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311 SAS, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (quoting *Lucas*, 84 F.3d at 535) (stating that it is possible that a delay of thirty-nine days could be considered significant). Arguably, however, although inaction persists, circumstances here have not yet reached such an extreme. For now, the first factor weighs against dismissal.

In contrast, because Plaintiffs were clearly "on notice that failure to comply would result in dismissal," the second factor counsels in favor of dismissal. In three separate orders, the Court reiterated to Plaintiffs that Mr. Schwartz's failure to appear could "result in dismissal." *See* ECF Nos. 6, 14, 19. In the IPTC Order, the Court directed that "[a]ll pretrial conferences . . . be attended by the attorney who will serve as principal trial counsel." IPTC Order at 1. The

7

Court's March 27 Order then cautioned Mr. Schwartz that his "**failure to appear in person at the April 10 conference [could] result in dismissal of this case.**"  ECF No. 14 at 3 (emphasis in original).  On April 9, 2024, the Court "remind[ed] Mr. Schwartz" for a third time "that failure to appear at the conference may result in dismissal of this case."  ECF No. 19.  "Thus, the notice factor strongly favors dismissal." *Peterson v. Apple Inc.*, No. 12 Civ. 6467 (GBD) (GWG), 2013 WL 3467029, at *9 (S.D.N.Y. July 10, 2013), *report and recommendation adopted*, No. 12 Civ. 6467 (GBD) (GWG), 2013 WL 3963456 (S.D.N.Y. Aug. 1, 2013); *see also, e.g.*, *Lowery v. Petrusino*, 2009 WL 5125122, at *3 (S.D.N.Y. Dec.29, 2009) (dismissing for failure to prosecute where "[p]laintiff failed to heed . . . repeated warnings"); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y.2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal ."); *Feurtado v. City of N.Y.*, 225 F.R.D. 474, 479 (S.D.N.Y.2004) (dismissing for failure to prosecute after the court warned plaintiff "on two occasions" about the possibility of dismissal).

      Third, any "prejudice" to Travelers is likely minimal.  "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable."  *U.S. ex rel. Drake*, 375 F.3d at 256.  "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'"  *Id.* (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982)).  Defendant was "undoubtedly prejudiced by preparing for and attending the conference at which plaintiff failed to appear," but the Court "cannot conclude that the prejudice [it] will suffer from the additional . . . delay. . . is so severe as to warrant the ultimate sanction of dismissal."  *Lau v. Am. Eagle Outfitters*, No. 17 Civ. 6055 (GBD) (BCM), 2017 WL 6987996, at *4 (S.D.N.Y. Dec. 1, 2017), *report and recommendation adopted*, 2018 WL 461102 (S.D.N.Y. Jan. 16, 2018).  Accordingly, the third factor weighs against dismissal.

Fourth, dismissal is not warranted based on "a balancing of the court's interest in managing its docket with the plaintiff[s'] interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. Although Plaintiffs did not send "lead trial counsel" to the February 16, March 9, or April 15 initial pretrial conferences, as required by the Court's rules, *see* R. 3.A, and the numerous scheduling orders issued in this case, *see* ECF Nos. 10, 14, 19, counsel purportedly representing Plaintiffs did appear at those conferences. See ECF No. 15 (Mar. 6, 2024 Conf. Tr.,); ECF No. 25 (April 15, 2024 Conf. Tr.). Additionally, Plaintiffs promptly responded to the Court's April 23 Order to show cause through Mr. Schwartz's Affirmation. *See* Schwartz Aff.; *see Del Rio v. 257 SG Pizza Corp.*, No. 19 Civ. 3426 (OTW), 2021 WL 1907413, at *1 (S.D.N.Y. Apr. 6, 2021) ("Given Plaintiff's prompt response to the Order to Show Cause, at this time, I decline to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b)."). Thus, Mr. Schwartz's "apologetic subsequent submission[]" "evince[s] a strong desire, and some effort, to 'receiv[e] a fair chance to be heard.'" *Lau,* 2017 WL 6987996, at *4 (quoting *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998)). The Court acknowledges that Plaintiffs may show renewed interest in prosecuting their claims if they retain new counsel. *See Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13 Civ. 6653 (GBD) (JLC), 2015 WL 2250592, at *13 (S.D.N.Y. May 13, 2015) (declining to dismiss for failure to prosecute where plaintiff "secured new representation" and "appears to be in compliance with the Court's . . . orders") (collecting cases); *see also Dicks v. Serena & Lily, Inc.*, No. 22 Civ. 7213 (RA), 2023 WL 22619, at *2 (S.D.N.Y. Jan. 3, 2023) (declining to dismiss when "the Court has not yet decided any substantive motions, presided over any discovery, or scheduled trial").

Fifth, the Court finds that "a sanction less drastic than dismissal" will suffice. *See Lucas*, 84 F.3d at 535. Here, the Court has tools that are better suited to the present circumstances. As

9

described below, Defendant's request for sanctions under Rule 16(f) is sufficient to address them.

Accordingly, given that dismissal is a "harsh remedy," *Bell*, 2021 WL 5280626, at *2, the Court denies Travelers' motion without prejudice to renewal. If Plaintiffs fail to appear in court when required, violate any other rules or court orders, or otherwise fail to prosecute this action with the necessary diligence, dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 likely will result.

**B.      Rule 16(f) Sanctions**

"On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court." *Am. Exch. Time LLC v. Tissot S.A.*, No. 17 Civ. 4737 (VM), 2022 WL 17414348, at *3 (S.D.N.Y. Dec. 5, 2022).

"District courts acting pursuant to their authority under Rule 16(f) are free to 'design the sanction to fit the violation.'" *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 290 (2d Cir. 2021) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1531 (3d ed.)). The Court "has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case." *Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14 Civ. 2275 (JGK) (DF), 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016) *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (cleaned up) (holding that these discretionary determinations "may not be reversed absent an abuse of discretion."). Depending on the particularities of each situation, "the Court may impose sanctions on the lawyer or the lawyer's firm." *Rice v. NBCUniversal Media, LLC*, No. 19 Civ. 447 (JMF), 2019

WL 3000808, at *2 (S.D.N.Y. July 10, 2019). Moreover, "[i]n deciding whether a sanction is merited, the court need not find that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (citation and quotation marks omitted).

The conduct of Plaintiffs' counsel here warrants sanctions. "To state (what should be) the obvious, a scheduling order cannot be cavalierly disregarded by counsel without peril." *Liberty Holdings (NYC) LLC v. Aposta, Inc.*, No. 18 Civ. 5108 (LAP), 2019 WL 5957275, at *2 (S.D.N.Y. Nov. 13, 2019) (cleaned up); *id.* at 4 ("impos[ing] severe monetary sanctions against [defense counsel] in the form of fees incurred by Plaintiffs' counsel in preparing for and traveling to the aborted conferences").

Rule 16(f) sanctions are appropriate because Mr. Schwartz "fail[ed] to appear at" three initial "pretrial conference[s];" and "fail[ed] to obey [four] scheduling or other pretrial order[s]." Fed. R. Civ. P. 16(f)(1)(A), (C). The Court specifically ordered Mr. Schwartz to appear personally at the March 6 and April 15 conferences. *See* IPTC Order at 1; ECF Nos. 14, 19; *cf.* R. 3.A. There is no dispute that Mr. Schwartz was Plaintiffs' attorney of record. ECF Nos. 9, 11, 13, 22. Nor is there any doubt that he failed to attend the February 16, March 6, and April 15 conferences, ECF Nos. 21, 22, or that his presence was required by Court Order, ECF Nos. 12, 14, 19. In fact, Mr. Schwartz does not even appear to deny that his conduct was sanctionable. Although he "respectfully submit[s] that this action should not be dismissed for failure to prosecute"—and seeks to emphasize that "plaintiffs have a meritorious cause of action" of which a "substantial amount of information has already been disclosed," so that the case can be decided on the merits, ECF No. 22 at 2—he does not object or otherwise respond to the portions of Travelers' application or the Court's April 23 Order concerning sanctions. Nor could he. In failing to abide by three orders directing him to attend the February, 16, March 6, and April 15

11

conferences, Mr. Schwartz clearly violated pretrial orders, which "is sufficient to allow some sanction." *Huebner, Inc.,* 897 F.3d at 53 (2d Cir. 2018) (internal quotation marks omitted). "Mr. [Schwartz] made no attempt to communicate with either the Defendant or this Court regarding his inability to comply with the orders" in advance of the conferences. *See Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013). His "conduct therefore frustrated the entire purpose of a conference . . . wasting both the Court and [Defendant]'s time and resources." *See Am. Exch. Time LLC*, 2022 WL 17414348, at *4 (ordering payment of attorney's fees pursuant to Rule 16(f)).

Counsel's repeated failures to attend the initial pretrial conference "ha[s] caused the Court and its staff to expend resources reminding counsel of its need to adhere to" the Court's rules and orders. *See Jianshe Guo v. A Canaan Sushi Inc.*, No. 18 Civ. 4147 (JMF), 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019) (sanctioning plaintiff's counsel for failure to follow court deadlines); *Erdman v. Victor*, 345 F.R.D. 60, 62 (S.D.N.Y. 2024) (awarding sanctions where "attorneys have repeatedly failed to comply with Court-ordered deadlines"). Although the Court has no reason to doubt Mr. Schwartz's representation that he was ill during the Court's first attempt to hold an initial pretrial conference, he did not inform the Court of his inability to attend (1) either of the virtual conferences on February 16 and March 6 or (2) the April 15 conference in person, despite the Court's warning that he was to personally appear. *See* ECF No. 19 ("The Court reminds Mr. Schwartz that failure to appear at the conference may result in dismissal of this case."). Nor does Mr. Schwartz's affirmation address why he was unable to attend the March 6 conference virtually via Microsoft Teams.[1]

---

[1] After missing the February 16 conference, Mr. Schwartz submitted a letter claiming that he was "not feeling well." *See* ECF No. 13.

For the Court to determine what sanctions are proper, repayment of costs serves as a baseline: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award unjust." Fed. R. Civ. P. 16(f)(2). Reimbursement is required when such an absence is "not substantially justified." *Del Rio*, 2021 WL 1907413 at *2 (finding that in a first offense, the "Plaintiff must reimburse Defendant for the full fees and costs associated with the [missed] conference"). In addition to the three orders, the Court's Individual Rules require that "[t]he attorney who will serve as principal trial counsel must appear at all conferences with the Court." R. 3.A. There can be no question that Mr. Schwartz was aware of his obligation to attend the initial pretrial conferences and failed to do so. *See, e.g.*, ECF No. 11 (joint pre-conference letter). Nor does Mr. Schwartz's Affirmation state otherwise. Schwartz Aff. at 1.

Thus, "Plaintiff[s] must reimburse Defendant for the full fees and costs associated with the [April 15, 2024] conference." *See Del Rio*, 2021 WL 1907413, at *2. Pursuant to Rule 16(f), a "single monetary sanction equal to the reasonable attorney's fees incurred by Defendant" is appropriate. *See Rice,* 2019 WL 3000808, at *4-5 (ordering monetary sanction of $8,745.50 pursuant to Rule 16(f) and the court's inherent powers for willful disobedience of orders "requiring mediation and [attorney's] appearance" at the initial conference); s*ee also Uretsky v. Acme Am. Repairs*, No. 07 Civ. 4688 (DLI) (SMG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) (finding that "any fees awarded [pursuant to Rule 16] must be related to the expenses incurred as a result of the sanctioned misconduct").

Defendant's counsel Mr. Glazer has requested a rate of $290 per hour for two hours. ECF No. 20 at 2; ECF No. 24 at 3 ("I request, on behalf of my client, that it be reimbursed by

13

Mr. Schwartz or his firm or Plaintiffs for two hours of my time (preparation, travel and in court time) at the rate of $290 per hour[.]"); *see also* ECF No. 20-3 at 21 (noting in the email signature of an email attached as an exhibit that Yale Glazer is a Partner at the firm Lazare Potter Giacovas & Moyle LLP). Upon review of counsel's fees, and given that Plaintiffs "did not object to these rates in their [] papers, the Court finds the requested rate . . . to be reasonable." *See Liberty Holdings (NYC) LLC*, 2019 WL 5957275, at *4 (finding requested rate of $500 per hour reasonable); *Broad. Music, Inc. v. Pamdh Enters., Inc.*, No. 13 Civ. 2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. June 19, 2014) (collecting cases awarding $400 to $735 per hour for partners). Additionally, the Court finds reasonable Defendant's claim that counsel spent two hours preparing for and attending the April 15 conference. Finally, the "Court finds that the foregoing sanctions are sufficient to secure [Mr. Schwartz's] compliance with the Court's orders and deadlines." *See Macolor v. Libiran*, No. 14 Civ. 4555 JMF, 2015 WL 337561, at *3 (S.D.N.Y. Jan. 23, 2015) (cleaned up).

### III.  CONCLUSION

Accordingly, Defendant's motion for sanctions is GRANTED. Defendant's motion to dismiss for failure to prosecute is DENIED without prejudice to renewal. By **April 15, 2025**, Mr. Schwartz is directed to (1) pay Travelers $580.00 for counsel's preparation time and attendance at the April 15 conference, and (2) file proof of payment on the docket.

An initial pretrial conference will be held on **April 25, 2025** at **11:15 a.m.** in Courtroom 12B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. No later than **April 18, 2025**, the parties shall file a revised joint letter and case management plan as described in ECF No. 10.

If Mr. Schwartz seeks to withdraw as counsel for Plaintiffs, he shall file an application to do so by **April 8, 2025**. In that circumstance, Plaintiffs' lead trial counsel shall file a notice of

appearance on the docket no later than **April 18, 2025**. **Failure of Plaintiffs' lead trial counsel to comply with the foregoing or to appear at the initial pretrial conference will result in dismissal of this action pursuant to Rule 41(b) without further notice**.

    SO ORDERED.

Dated: March 31, 2025
       New York, New York

                                                JENNIFER H. REARDEN
                                                United States District Judge