James L. Forde, Esq.
Omrani & Taub, P.C.
234 Martine Avenue - Suite 6K
White Plains, NY 10601
jforde@omraniandtaub.com
lpforde@verizon.net.

April 28, 2025

VIA ECF

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court - Southern District
500 Pearl Street
New York, New York 10007

RE: Stephen B. Kaufman and
    Law Office of Stephen B. Kaufman, P.C. v. Travelers
        Casualty Insurance Co. of America
        Docket No. 23CV 9906 (JHR) (SLC)

Hon. Judge Rearden:

        Pursuant to the Court's direction at the Initial Pretrial Conference held
remotely on April 25, 2025, trial counsel for the plaintiffs herein submits the within
letter application to discontinue this pending action in United States District Court
for the Southern District and file a Notice of Voluntary Dismissal without prejudice
pursuant to F.R.C.P. 41(a)(2) so that the defendant Travelers can be added as a
direct party defendant in the action entitled *Stephen B. Kaufman and Law Office of
Stephen B. Kaufman, P.C. v. 3397 Realty LLC and JLP Metro Management, Inc.*
pending in New York State Supreme Court, Bronx County under Index No.
813429/2024E.

        As indicated during the recent conference, this action involves a
property damage/business interruption claim that arose out of storm damage that
occurred on September 2, 2021 at 3397 E. Tremont Avenue, Bronx, New York at
the law offices of the plaintiff.  At the time of loss, the plaintiffs had a lease in
place with 3397 Realty LLC and JLP Metro Management, Inc., the owner and
management company of the commercial building.  The plaintiff's lease did not

provide for any access, maintenance or control over the roof of the building, and the roof was not part of the demised premises. After the loss occurred to their office space and a claim was submitted by plaintiffs for adjustment, Travelers Casualty Insurance denied coverage based upon the position that water entered through the roof of the building "without the building first sustaining a storm created opening." The denial of claim letter from Traveler's dated November 8, 2021 references the fact that "our research found the damages to the interior of your rental unit were due to water which entered the building without first sustaining damages to the exterior of the building." (See, Denial of Claim Letter, annexed hereto as Exhibit "1"). It is also worthy to note that the denial of claim letter recites the fact that Traveler's inspected the damage to the roof area with the building owner/landlord on October 20, 2021 - - - more than six (6) weeks after the storm had occurred causing the "storm created opening" that allowed water to enter from the roof of the building. By that time, of course, (more than 1 1/2 months after the roof damage occurred) the storm damage holes in the roof that caused flooding had necessarily been repaired by the landlord/property owner and their contractor. In addition, as Mr. Glazer correctly indicated during the conference, Travelers also disclaimed coverage to the basement of the offices on the grounds that this other water source entered from an exterior basement door.

An action against Travelers alleging breach of the insurance contract and deceptive business practices was timely commenced in Supreme Court of the State of New York, Bronx County on August 23, 2023, and was removed to the Southern District on November 9, 2023 by the defendant. The defendant Travelers filed an Answer dated November 13, 2023 containing no counterclaims, essentially denying all allegations in the Complaint. A variety of affirmative defenses were raised by Travelers, including a "NINTH DEFENSE" that:

> The Complaint should be dismissed if and to the extent Plaintiffs failed to name and/or join all necessary parties to this action.

As Your Honor noted during the Initial Pretrial Conference, in the submitted joint letter it was specifically indicated that with regard to "discovery that needs to be completed" the parties acknowledged that not only depositions of the parties would be required, but also "Plaintiffs' landlord and possibly its roofing and other construction vendors, and undertake expert discovery." It is respectfully submitted that given the nature of the underlying facts of this action the plaintiffs' landlord - owner of the entire building that was damaged by the storm - is not merely an uninvolved "non-party" but is and should be considered a necessary and

indispensable party to this action.  Significant and vital questions of fact exist regarding the landlord/building owner's prior maintenance of the roof, the inspections done by both the landlord and their contractors immediately after the storm, the nature of the work involved when the repairs were done, and any steps that were taken by the landlord/building owner to protect the leased premises during the storm.  Indeed, Travelers itself would have the right to assert cross-claims against the landlord/building owner to the extent that the acts/omissions of that party caused or contributed to the roof damage occasioned by the storm.  This type of discovery goes far beyond the mere production of documents by a "non-party," and the acts/failures to act by the landlord/building owner have a direct and inexorable relationship to the very heart of Travelers' denial of the the casualty claim.  They should be a direct party in any litigation going forward involving Travelers' contract of insurance, and the Commercial General Liability policy of the landlord/building owner should be implicated.

Of course, if 3397 Realty LLC and JLP Metro Management, Inc. (both New York Corporations) were to be joined as an additional party then complete diversity jurisdiction would no longer exist, and the plaintiff would therefore be entitled to a request a remand of the action back to Supreme Court, Bronx County pursuant to 28 U.S.C. 1447 (e) in any event.

As indicated herein and during the conference, an action is pending in Supreme Court, Bronx County against the landlord/building owner alleging breach of the lease contract and negligence, and defense counsel in that action has consented to accept a Supplemental Summons and Amended Complaint adding Travelers' as a direct defendant in that action. (See, Exhibit "2" annexed). Regarding contentions made by Mr. Glazer during the conference, there is nothing at all unusual or out of the ordinary in joining a breach of insurance contract action against Travelers with a breach of lease/negligence action against the landlord/ building owner in State Court.  Quite to the contrary, Your Honor will recall that Mr. Glazer stated during the conference, in effect, that "if the plaintiff wanted to do that they could have done so in the first place."  In both the Federal Court action and the State Court action extensive duplicative discovery and depositions would be required from not only the plaintiff Kaufman, his representatives, his public adjuster hired to negotiate with Travelers, representatives of Travelers, and experts on both sides, but also the landlord/building owner, their experts, and contractors hired to repair and mitigate storm damage.  The factual determinations of the condition of the roof before/after the storm would be identical in both actions, and would represent duplication of effort, a waste of valuable judicial resources, and potentially conflicting results.  Travelers can claim no prejudice since it has not

asserted any counterclaims against the plaintiffs, and in fact has raised an affirmative defense that the plaintiff has failed to add a "necessary party." If anything, proceeding in Supreme Bronx with the landlord/building owner as a co-defendant would enure to the benefit of Travelers in reducing their costs of litigation and providing potential indemnity though the mechanism of cross-claims. There is simply no valid line of reasoning or legal argument as to why, in derogation of the interests of judicial economy, two separate actions arising out of the exact same occurrence and identical set of facts should proceed in two different venues.

The plaintiffs respectfully submit that the better course of action would be to permit the voluntary dismissal without prejudice of the action now pending before this Court pursuant of F.R.C.P. 41(a)(2) to permit Travelers being added as a direct defendant in the Supreme Court, Bronx County action. If the Court should deem it necessary, the plaintiffs would request a briefing schedule to file a formal motion for this relief, or in the alternative to move to add the landlord/building owner as a necessary party in order to seek remand pursuant to 28 U.S.C. 1447(e).

Respectfully submitted,

_____

James L. Forde, Esq.

TO:  Yale H. Glazer, Esq.
     Lazare Potter Giacovas & Moyle, LLP
     Attorneys for Defendant Travelers Casualty
        747 Third Avenue - 16th Floor
     New York, New York 10017
        (212) 758-9300